**In re Alvernon Harold NOLAN, Debtor.**

**Bankruptcy No. 92–40908–7C.**

United States Bankruptcy Court,
D. Kansas.

June 17, 1994.

Gary H. Hanson and Tom R. Barnes II of Stumbo, Hanson & Hendricks, Topeka, KS, for debtor.

Darcy D. Williamson, Topeka, KS, Chapter 7 Trustee.

### MEMORANDUM ORDER

JOHN T. FLANNAGAN, Bankruptcy Judge.

This is the trustee's objection to attorneys' fees requested by debtor's attorneys. The debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 8, 1992. On June 19, 1992, the Court entered an order approving the employment of Stumbo, Hanson & Hendricks as debtor's counsel. The debtor's case was converted to a proceeding under Chapter 7 on October 8, 1992.

Stumbo, Hanson & Hendricks applied for allowance of attorneys' fees and expenses on June 29, 1993. The Chapter 7 trustee objected on July 9, 1993, alleging that the hours debtor's counsel spent preparing for and attending two § 341 meetings were excessive.

The application shows counsel spent a total of three hours preparing for and attending the debtor's Chapter 11 § 341 meeting. This time includes counsel's preparation, preparation with the debtor, and time spent reviewing the "initial report." After the Chapter 11 case was converted to Chapter 7, debtor's counsel spent an additional two and eight-tenths hours preparing for and attending the debtor's Chapter 7 § 341 meeting.

▮ Certainly, the trustee is justified in objecting to the fee statement since it fails to provided sufficient detail to inform her of what was involved in the preparation. Debtor's counsel should have provided a specific statement of the matters attended to or discussed during the time in question, rather than the broad notation that counsel "prepared" for the § 341 meetings. When large amounts of time are expended on a single task, the itemization should contain sufficient detail to inform reviewing parties on how the time was spent so they can judge the reasonableness of the request for compensation.

▮ Based upon the Court's prior experience with time spent in § 341 meetings, the Court is willing to presume that each of the § 341 meetings took at least one hour of counsel's time. Perhaps in reality each meeting took more time than this, but without more explanation than is offered, the Court can only assume that there was nothing unusual about these meetings and that they did not last more than one hour each. Since the Court has no foundation for giving counsel the benefit of the doubt, it is unwilling to allow fees for more than one hour per meeting. When this time is deducted from the five and eight-tenths hours applied for on the two hearings combined, counsel spent three and eight-tenths hours on unexplained "preparation." Unlike attendance at a § 341 meeting, where the Court can rely upon its prior experience as some gauge of reasonableness, this preparation time cannot be judged without further information. This time could certainly include a number of case aspects needing attention and would not necessarily be unreasonable if properly explained.[1] However, debtor's counsel fails to make sufficient explanation, albeit he bears the burden of satisfying the Court that such time was spent in necessary work on the case.

The trustee's objection is sustained as to three and eight-tenth's hours of unaccounted time. The application for attorneys' fees and expenses is approved in the amount of $3,692.57 only, the amount of the request less the unexplained three and eight-tenths hours of time at the rate of $95 per hour.

This proceeding is core under 28 U.S.C. § 157. The Court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D.Kan. Rule 705).

The foregoing discussion shall constitute findings of fact and conclusions of law under Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a).

IT IS SO ORDERED.

---

1. The application did mention time was spent "reviewing" the "initial report." This time is in the same category as "preparation" time, i.e., time that the Court has no basis for judging without further information from counsel.